UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TYLER EYRE** | **CASE NO. 6:22-CV-04503** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **UNITED PROPERTY & CASUALTY INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING AND ORDER

Now before this Court is a MOTION TO SUBSTITUTE filed by plaintiff Tyler Eyre in which he seeks to substitute the Louisiana Insurance Guaranty Association ("LIGA") for defendant United Property & Casualty Insurance Company ("United"). (Rec. Doc. 20). This motion was originally set for in-person hearing, but that proceeding was later converted to a telephone hearing. (Rec. Doc. 24).

Eyre's suit arises out of alleged damage to his property located in Youngsville, Louisiana caused by Hurricanes Laura and Delta in 2020. (Rec. Doc. 1). Eyre asserts claims against United for coverage which he claims is due under a policy of insurance[1] issued by United as to the subject property and in effect on the dates of loss alleged. (*Id.* at ¶ 12). During the pendency of this suit, United was placed in receivership by the Second Judicial District Court in Leon County, Florida and, accordingly, is now an insolvent insurer under La. R.S. § 22:2055(7). (Rec. Doc. 20 at p. 2). Eyre's instant motion alleges that, because United is now an insolvent insurer under Louisiana law, LIGA should be substituted in United's place as its successor in interest. (*Id.*).

---

[1] Policy No. ULH 5553646. (Rec. Doc. 1 at ¶ 12).

1

Substitution of parties in federal civil matters is governed by Federal Rule of Civil Procedure 25. Rule 25(c) provides in pertinent part, "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

Prospective defendant LIGA is a "private unincorporated legal entity" established by statute in 1970. La. R.S. § 22:1056(A). All insurers "licensed and authorized to transact insurance in [Louisiana]" and that have "written at least one policy of insurance" subject to regulation by Louisiana's insurance law are "member insurers" of LIGA. La. R.S. § 22:2055(10)(a).

Pursuant to LA. CODE CIV. P. ANN. art. 740, the proper party defendant as to claims against an insolvent insurer is the "receiver appointed by a court of this state for a domestic or foreign corporation…company…or…partnership." This is true because the insolvent insurer ceases to exist, and the receiver is the insolvent insurer's legal successor. *Tyburczy v. Graham*, 1994 WL 150724, at *3 (E.D. La. 3/30/1994). Thus, there can be no transfer of interest from an insolvent insurer to LIGA. Instead, LIGA's obligation arises via statute under La. R.S. § 22:2058, which provides that LIGA must pay "covered claims" as that term is defined under La. R.S. § 2055. Taken together, the demise of the former insurer and the independent, statutory origin of LIGA's distinct obligation indicate that there can be no transfer of interest as contemplated in Rule 25.

Despite the foregoing, the facts of this case do demonstrate that LIGA has an interest in the litigation of Eyre's claim against United's receiver. Although LIGA is not an indispensable party to the case, it remains entitled to assert any defense to coverage which would be available to the former insurer. La. R.S. § 22:2058(A)(6)(a)(iii); *U.S. for the Use and Benefit of Bernard Lumber Co., Inc. v. Lanier-Gervais Corp.*, 896 F.2d 162, 169 (5th Cir. 1990)). For this reason, were LIGA to seek intervention in this suit, the Court would be constrained to grant that relief as of right under Rule 24(a).[2]

Operating from the precepts that LIGA is not the legal successor in interest to an insolvent insurer, and that LIGA possesses an independent interest in certain claims by insureds against those insurers in receivership, this Court finds two available remedies to join LIGA in such suits. First, plaintiffs may move to amend their complaints to add LIGA as an additional defendant. Second, LIGA may elect to intervene under Rule 24(a). In either circumstance, LIGA's status as a named defendant or intervenor raises the issue of federal jurisdiction. As an unincorporated "artificial entity[,]" LIGA is considered a citizen of each state in which each member insurer is a citizen. *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)). LIGA's member insurers include Louisiana citizens for diversity purposes, resulting in LIGA

---

[2] This Court notes that LIGA has filed motions to intervene in several cases before the Western District of Louisiana and that those motions were denied based on a finding that LIGA failed to identify any interest it was entitled to protect in a first-party insurance claim suit. *See*, *e.g.*, *Schubinger v. FedNat Ins. Co.*, 2023 WL 2603752 (W.D. La. 3/22/2023) (Lake Charles Div.); *Myers v. FedNat Ins. Co.*, 2023 WL 3139790 (W.D. La. 4/27/2023) (Lake Charles Div.).

3

also possessing Louisiana citizenship for such purposes. *See, e.g., Kieffer v. Southern Fid. Ins. Co.*, Civ. Act. No. 22-CV-863, 2023 WL 157631 (E.D. La. 1/11/23) (granting remand based on amended complaint adding LIGA and the resulting destruction of court's subject matter jurisdiction).

The undersigned notes that the body of law concerning LIGA's role in first-party claim litigation reflects intra-circuit and intra-district split opinions. This appears to stem not only from the scant jurisprudence on this issue prior to the advent of claims stemming from Hurricanes Delta, Ida, and Laura, but also from the varied positions LIGA itself has taken on the issue. In previous suits, LIGA has, at times, not opposed substitution or amendment;[3] has, at times, filed motions to intervene[4] and has, in several instances, filed motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) after it was substituted for the insolvent insurer defendant.[5] LIGA now appears to prefer not to raise the jurisdiction issue. Plaintiffs in these suits have reason to be cautious since subject matter jurisdiction is not subject to waiver and does not arise through consent of the parties. *Matter of RE Palm Springs II, LLC*, 106 F. 4th 406, 416, n. 4 (5th Cir. 2024) (citing *Sarmiento v. Tex. Bd. of Veterinary Med. Exam'rs*, 939 F.2d 1242, 1245 (5th Cir. 1991)).

---

[3] *Bartie v. FedNat Ins. Co.*, Civ. Act. No. 21-CV-2948 (W.D. La.); *Hale v. Americas Ins. Co.*, Civ. Act. No. 21-CV-2902 (W.D. La.); *Soza v. S. Fid. Ins. Co.*, Civ. Act. No. 22-CV-1400 (E.D. La.); *Baldwin v. United Prop. & Cas. Ins. Co.*, Civ. Act. No. 22-CV-1281 (E.D. La.); *Loving v. United Prop. & Cas. Ins. Co.*, Civ. Act. No. 22-CV-3900 (E.D. La.).

[4] *McDaniel v. Weston Specialty Ins. Co.*, Civ. Act. No. 21-CV-4380 (W.D. La.); *Myers v. FedNat Ins. Co.*, Civ. Act. No. 22-CV-2143 (W.D. La.); *Schubinger v. FedNat Ins. Co.*, Civ. Act. No. 22-CV-1853 (W.D. La.).

[5] *Pousson v. United Prop. & Cas. Ins. Co.*, Civ. Act. No. 22-CV-2684 (W.D. La.); *Brittain v. FedNat Ins. Co.*, Civ. Act. No. 22-CV-1917 (W.D. La.); *Everage v. FedNat Ins. Co.*, Civ. Act. No. 22-CV-1476 (W.D. La.) (LIGA filed and then withdrew its Rule 12(b)(1) motion); *Chatman v. Maison Ins. Co.*, Civ. Act. No. 22-CV-1055 (M.D. La.).

Moreover, federal district courts are instructed to consider the issue of their own jurisdiction first, since a judgment resulting from a suit lying outside of a court's subject matter jurisdiction may be void and subject to challenge under Fed. R. Civ. P. 60(b)(4). *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L. Ed. 264 (1868)) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case.").

During the telephone hearing held in this matter, Eyre's counsel indicated that LIGA is asserting the affirmative defense of prescription in some hurricane suits either remanded to Louisiana state courts or filed there after federal court dismissal. *See, e.g., Green v. Maison Ins. Co.*, -- So. 3d --, 2024 WL 4033561 (La. App. 5 Cir. 9/4/24) (reversing trial court's denial of LIGA's exception of prescription and dismissing claims against LIGA with prejudice).[6] The implication is that dismissal of suits involving LIGA prejudices plaintiffs who must then seek a state court judgment. Although the inclusion of an affirmative defense is an important step in actually asserting such a defense, this Court is unsure to what extent LIGA is actually filing and litigating exceptions of prescription in state court. Regardless of the viability of LIGA's prescription defense and any instinct to assist parties in quickly litigating or settling hurricane damage claims, a lack of subject matter

---

[6] The circumstances in *Green* differ from those here. The insolvent insurer in *Green* was sued subsequent to its placement in receivership such that prescription had not been interrupted when the plaintiff later sought to add LIGA as a defendant.

jurisdiction must end the Court's substantive involvement with the case. Ensuring that matters before the court fall within its subject matter jurisdiction is the court's obligation under Article III of the Constitution and jurisdictional statutes, no matter the enticement presented by resolution of matters that call to our individual sympathies.

Were the Court to determine that it possesses subject matter jurisdiction based on a finding that an interest was transferred to LIGA sufficient to satisfy Rule 24, the undersigned would still recommend that the court decline to exercise jurisdiction in such cases pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). In *Callon Petroleum v. Frontier Ins. Co.*, 351 F.3d 204 (2003), the Fifth Circuit expressed the view that the *Burford* abstention in cases involving insolvent insurers is "the classic example of the doctrine's goal of preventing 'needless conflict with state policy.'" 351 F.3d at 209 (quoting *Burford*, 319 U.S. at 327). LIGA's enabling statute clearly contemplates that it will litigate in Louisiana courts as part of the State of Louisiana's regulation of its insurance industry. La. R.S. § 22:2058(C)(1). To the extent that the Court may be said to possess subject matter jurisdiction, the State of Louisiana's compelling interest in the regulation of insurance—and, particularly, insolvent insurers—presents a sound basis for abstention. *Callon*, *supra*, 351 F.3d at 209 (abstention would have been proper and perhaps obligatory, had it been raised prior to judgment).

Considering the foregoing, it is hereby

ORDERED that Plaintiff Tyler Eyre's MOTION TO SUBSTITUTE (Rec. Doc. 20) is DENIED. It is further

ORDERED that a status conference is now set before the undersigned Magistrate Judge on WEDNESDAY, NOVEMBER 20, 2024 at 10:00 a.m. Counsel will join the teleconference by dialing 888-684-8852 and entering access code 5910394.

SO ORDERED this 16th day of October, 2024 at Lafayette, Louisiana.

_____
David J. Ayo
United States Magistrate Judge